FILED

MAR 3 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER LILBURNE COLLINS, | No. 12-55683 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09614-JFW-JPR |
| v. | |
| ROGER BARBER, individually; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 18, 2014**

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Christopher Lilburne Collins appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his rights

arising from defendants' attempts to prevent him from using certain golf-related

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Collins's request for oral argument is denied.

facilities.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We affirm.

The district court properly dismissed Collins's claims against the City of Los Angeles because Collins failed to allege the existence of any unconstitutional policy or custom.  *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (municipal liability under § 1983 exists only for constitutional violations occurring pursuant to an official government policy or custom).

The district court properly dismissed Collins's claims against the private party defendants because Collins failed to allege facts showing that these defendants acted under color of law.  *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (bare allegations of state action cannot defeat a motion to dismiss; rather, plaintiff must allege facts showing that defendants acted under color of state law or authority).

The district court properly dismissed Collins's claims against defendant Torres because Collins failed to allege facts showing that Torres violated his rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (stating elements of a

cause of action under § 1983).

The district court properly dismissed Collins's claims under 42 U.S.C. §§ 1985 and 1986 because Collins failed to allege facts showing that defendants conspired to obstruct a judicial proceeding or to discriminate against him on the basis of his race or other protected ground. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (elements of a cause of action under 42 U.S.C. § 1985(3)); *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993) (elements of a cause of action under 42 U.S.C. § 1985(2)); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.").

Collins's contentions concerning court filing deadlines, alleged clerk errors, the district court's alleged grant of qualified immunity, and his alleged entitlement to default judgment are unpersuasive.

Collins's request for appointment of pro bono counsel, set forth in his reply brief, is denied.

**AFFIRMED.**